Nash, C. J.
 

 The action is upon a bill of exchange, and the question referred to us, is, as to the sufficiency of the notice of its non-payment at maturity. In every case of the dishonor of a bill or promissory note, it is the duty of the holder to give due notice thereof to all the prior parties who are liable to make payment to him, and to whom he intends to look. If he fails to give this notice, the parties unnotified are discharged. How and when notice is to be given, has given rise to much controversy. Our present enquiry is confined to the mode.
 

 All the parties reside in the town of Wilmington. The defendant is collector of the port, and keeps his office in the up
 
 *389
 
 per part of the same building in which the post-office is kept. The defendant has a private box in the post-office, as collector, in which all papers addressed to him were put, public as well as private, and he was accustomed to call two or three times a day, at the post-office, for papers and letters ; there is also a general box. On the same day, at half after four o’clock in the afternoon, on which the bill had arrived at maturity, it was, by the public notary, protested for non-payment, and notice thereof deposited in the general letter-box; and it was the practice of the post master, at stated times, to transfer letters and papers from the general letter-box to the private boxes of individuals. There was no evidence that the notice had come to the knowledge of the defendant. The general rule as to giving notice is, that where the parties reside in the same town or city, notice should be given to the party entitled to receive it, either by personal service, or by leaving it at his domicil, or place of business.
 
 Chitty on
 
 Bills, 502, 516, ch. 10 ;
 
 Bailey on
 
 Bills, 276, ch. 7, sec. 2.
 

 When the defendant does not reside in the same city where the protest takes place, but has there a place of business, notice may be given at either place, at the option of the holder. This general rule yields to the agreement between the parties, that notice shall be given at any particular place ; when given there it will be sufficient. The general rule, as to notice, is recognised in New York.
 
 Rausom
 
 v.
 
 Mack,
 
 2 Hill’s Rep. 587, 591. The language of the Court there, is, “The rule formerly was, that notice of the dishonor of a bill or note, must be served personally on the drawer or endorser, or be left at his dwelling house, or place of business, and that rule still exists in this country, where the party to be charged resides in the same place where the presentment or demand is made.”
 

 This rule has, however, been relaxed to meet the exigencies of the commercial world, and it is now well settled, that, where the parties do not reside in the same town, notice may be transmitted by mail. But the post office is not the place of deposit for notices, except in cases where notices may be
 
 *390
 
 transmitted by mail.
 
 Ireland
 
 v.
 
 Kipp,
 
 10 John. Rep. 490. That case also recognizes, as cases within the exception, or where notice may be transmitted by mail, large cities, where there are more than one post-office, and where the party entitled to receive notice lives at a long distance from the general post-office of the place, and where there are what are called penny-posts.
 
 Story
 
 on Promissory Notes. Sec 312.
 

 The case before us steers clear of all difficulty, on the subj ect of the exceptions to the general rule; the parties live in the same town ; it is not alleged that the town is so large as to require a resort to different post-offices, or the residence of the defendant, from the bank where the bill was payable, so distant, „as to render a resort to the post-office expedient, or necessary; or, that there is in Wilmington the establishment of a penny post; nor is there any evidence, that there is any agreement between the defendant and the plaintiff, or with the notary, that notice deposited in the post office should be sufficient. So far to the contrary, the defendant’s place of business was in the same building in which the post-office is kept; it only required the notary, or the party plaintiff, to ascend a flight of steps, to reach the defendant’s place of business; nor is there any evidence that the notice ever came to the hands of the defendant. The obj ect of the notice being to apprise the defendant of the dishonor of the bill, and that he was looked to for the money, it is admitted, that any notice given to him, any where, in due time, would be sufficient. As there is nothing in the case to take it out of the general rule, the notice was not sufficient.
 

 Pee Curiam.
 

 There is error. Judgment reversed, and a
 
 venire de novo
 
 awarded.